No. 10,208.

STOLZ v. THE PEOPLE.

Decided November 6, 1922. Rehearing denied December 4, 1922.

Plaintiff in error was convicted of embezzlement.

*Affirmed.*

1. EVIDENCE—*Court Discretion—Harmless Error.* The reception of documentary evidence during the cross-examination of a people's witness is within the discretion of the court, and the exclusion of such evidence, if error, is rendered harmless by the subsequent reception of the exhibit in evidence.

2. APPEAL AND ERROR—*Procedure.* The contention of a defendant in a criminal case, that he had been forced to trial without sufficient opportunity for preparation, will not be considered, where the question was not presented to the trial court in a motion for new trial, or where the record shows no request or motion for a continuance for any purpose.

*Error to the District Court of the City and County of Denver, Hon. Warren A. Haggott, Judge.*

Messrs. DEWEESE & MCPHAIL, for plaintiff in error.

Mr. VICTOR E. KEYES, attorney general, Mr. SAMUEL CHUTKOW, assistant, for the people.

*En banc.*

MR. JUSTICE WHITFORD delivered the opinion of the court.

PLAINTIFF in error, a real estate agent, was convicted of the crime of embezzling $300.00, given to him by the prosecuting witness as the purchase price of a small store. The sale was not consummated and the plaintiff in error refused to return the money.

The first ground urged for reversal is the refusal of the court to allow the introduction of exhibit 1 during the cross-examination of the people's witnesses. The reception of documentary evidence during cross-examination rests largely in the discretion of the trial court. The exhibit was subsequently offered and admitted in evidence. The plaintiff in error cannot now complain. Even if the ruling of the court was an abuse of discretion—and as to that we express no opinion—such error, if any, was cured and rendered harmless by the subsequent reception of the exhibit in evidence.

It is contended that the court erred in requiring the defendant to proceed to trial without giving defendant's counsel an opportunity for preparation. There are two answers to this assignment, one, that it was not presented to the court below in his motion for a new trial, and the other, that the record shows no motion or request made to the court below for a continuance for any purpose.

There is no reversible error in the record. Judgment affirmed.

MR. JUSTICE CAMPBELL not participating.